UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-10-KAC-JEM |
| | ) | |
| KEVIN WILLIAM ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kevin William Adams' Motion to Continue Trial Date and All Related Deadlines [Doc. 33], filed on November 15, 2024.

Defendant requests that the Court continue the trial date and all related deadlines [Doc. 33]. In support of his motion, Defendant states that his counsel and counsel for the Government have been discussing a plea agreement, but the Government had not offered a formal plea agreement at the time he filed the motion [*Id.* ¶ 2]. He states that his counsel has not yet discussed potential pleas with him due to his counsel's schedule [*Id.* ¶ 3]. His counsel is scheduled for oral argument before the Sixth Circuit on a date that conflicts with the trial date in this matter [*Id.* ¶ 4]. Defendant states that he understands his speedy trial rights [Doc. 34]. Finally, Defendant represents that the Government does not oppose a continuance [Doc. 33 ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to engage in plea negotiations and otherwise prepare for trial if such negotiations are not fruitful. The Court finds that all of this cannot occur before the December 10, 2024 trial date.

The Court therefore **GRANTS** Defendant Kevin William Adams' Motion to Continue Trial Date and All Related Deadlines [**Doc. 33**].[1] The trial of this case is reset to **March 11, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 15, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kevin William Adams' Motion to Continue Trial Date and All Related Deadlines [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 11, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 15, 2024**, and the new trial date of **March 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 11, 2025**;

(5) the deadline for filing motions *in limine* is **February 24, 2025**;

---

[1] The deadline for filing pretrial motions in this case expired on June 17, 2024 [Doc. 22]. At this time, Defendant has not set forth good cause for reopening the deadline.

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 25, 2025, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge